THIS is an action of trover and conversion, and the plea of “not guilty” was pleaded. The jury were sworn to enquire of damages, and not to try the issue. According to the case of Bruce vs. Mathers, 2 Bibb 294, this is evidently erroneous. The oath confined the jury to find some dark ages, only leaving the quan *158 turn to be fixed by their judgment, and excluded from their consideration the question whether the plaintiff was entitled 1o any. It has been said, in argument, that the clerk has copied the pica of not guilty, by mistake, and that the record shows a demurrer Was intended to be copied in its place. It is true, the record states that the defendant came and demurred to the declaration, and then professes to give the words and figures of the demurrer, which turns out in fact to be a piea of not guilty. St is immaterial what the record calls it. Its contents more completely determine its character and name, and prove that the note on the record, by a clerical misprison, no doubt unobserved by the court below, gave it a wrong denomination. Tiie court below, and the parties, appeared to treat the plea according to its true character, after the jury were.sworn, and the rights of the respectiva parties were investigated before the jury.
On this investigation it appeared that the plaintiff and defendant in that court each claimed a mare, the subject of controversy, by distinct purchases from a certain Anne Gillespie. The plaintiff below made the first purchase, and had her in possession for about eight or nine months, when she was seen again in the possession of said Anne Gillespie; but by what means she was regained, does not appear. She was then sold to the defendant, who attempted to ’prove that said Anne Gillespie, at the time of the first sale, was an infant. The court rejected this evidence, as inadmissible.
We cannot perceive on what ground this evidence was excluded. If Anne Gillespie was an infant, at the date of tbe first sale, she had a right to disaffirm it; audit'she did so, and regained the possession of the property; no matter how, she had a right to resell it to thp defendant below ; and such evidence was directly calculated to impeach the title, of the plaintiff below, and ’the defendant there, claiming under her, had a right to prove and rely upon her infancy for that purpose.
The judgment must, therefore,be reversed, and thg. verdict set aside with costs, and the cause be remanded for new proceedings, not inconsistent with ÍÍJÍ3 opinion.